January 7, 2019

**Supreme Court**

No. 2017-302-C.A.
(K2/14-710A)

State                  :

v.              :

George Tabora.         :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                               :

    v.                              :

George Tabora.                      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on December 5, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendant, George Tabora (defendant or Tabora), appeals from a judgment of conviction after a jury found him guilty of two counts of second-degree child molestation sexual assault[1] committed against his son, whom we refer to as John.[2]

On appeal, defendant argues that the trial justice erred in denying his motion for a new trial and that the verdict failed to serve the interests of justice.  After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time.  For the reasons set forth herein, we affirm the judgment of conviction.

---

[1] In violation of G.L. 1956 § 11-37-8.3.

[2] The complaining witness has been given a pseudonym in order to protect his privacy.

**Facts and Travel**

The disturbing facts of this case concern acts of molestation committed against John, who was born on August 8, 2005. His parents, defendant and Rabiaa Madouch (Rabiaa), were separated in 2006 and their divorce was finalized in 2009. John resided primarily with his mother and had regularly scheduled visitation with his father.

In June 2014, after John completed the third grade, he and his mother traveled to Morocco to visit her family for the summer. While spending time with his relatives, John observed how his cousins interacted with other family members and later testified at trial that "[t]hey were all happy, and if something [was] bothering them, they [would] tell their mother or their grandpa or their uncle or whoever."

Rabiaa and John returned to Rhode Island in August 2014; and, soon thereafter, John began the fourth grade. According to Rabiaa, his first homework assignment was to compose ten good things about himself, but John instead wrote about his father. Notably, this essay assignment was the impetus for the charges and ultimate conviction in this case.

John, who was nine years old at the time, used the assignment as an opportunity to disclose some of the troubling incidents involving his father that he had been harboring. He wrote as follows, on lined paper marked with his name and dated "8-28-2014":

> "What I think about my dad
> He talks about women boobs and daddy gets naked in front of me.
> My dad watches movies on sex and he does not change the chanal
> [*sic*]. and I don't like him."

Rabiaa asked to look at his assignment and was shocked by what her son had written. She met with the Department of Children, Youth, and Families (DCYF), and an investigation ensued, which led to John's disclosures that he had been sexually molested by his father between August 8, 2012, and August 8, 2013, when John was seven and eight years of age.

The defendant was charged by criminal information with two counts of engaging in sexual contact with John in violation of G.L. 1956 § 11-37-8.3, and a two-day jury trial commenced in January 2017. The state offered testimony by the following witnesses: John; Rabiaa; Adebimpe Adewusi, M.D. (Dr. Adewusi), a fellow at the Hasbro Children's Hospital Lawrence A. Aubin, Sr. Child Protection Center; and Yael Bat-Shimon (Bat-Shimon), a licensed mental-health clinician at Gateway Healthcare.

In his testimony, John recounted several incidents that occurred while he was at defendant's apartment for scheduled visitation.[3] John testified that, when he was between the ages of seven and eight, defendant talked to him about women's breasts and forced him to watch sexually explicit movies. He testified, in response to a question as to what would happen if he did not want to watch them, that "[i]f I tried to leave, he grabbed me by the arm and he forces me to watch them."

John also recalled incidents that took place when he showered at defendant's apartment. He testified that defendant would order him to take showers and that, when he was in the shower, defendant would enter the bathroom, perform personal grooming tasks, and, when finished, would join John in the shower. John testified that his father "would act like he is scrubbing my body with soap, and then once he gets down to my private, he starts rubbing it." John testified that defendant would use his own hand while performing this act and that defendant's penis became erect when defendant touched John's penis. According to John, defendant responded to John's pleas to stop by slapping him, and defendant also threatened to kill John if he told anyone.

---

[3] The evidence disclosed that defendant originally had visitation rights with John every Wednesday and every other weekend; that schedule was later adjusted to just every weekend, and no Wednesdays. Rabiaa accompanied John to the visits and stayed with him the entire time, unless she had to leave to run a quick errand.

John further testified that every time he used the bathroom to urinate, defendant accompanied him, lowered his pants to his ankles, and asked John to touch his testicles.

Next, Dr. Adewusi testified as an expert in the field of child-abuse pediatrics. She had examined John at the request of DCYF for concerns of physical abuse, sexual abuse, emotional abuse, and exposure to domestic violence. Doctor Adewusi testified about her examination of John, including disclosures that he had made to her regarding his father. She testified that John told her that he did not tell his mother about the incidents because he felt threatened by his father.

The next witness to testify was Rabiaa. She testified about her relationship with defendant as well as her current living situation; she recounted her observations during visits between John and defendant. Lastly, Bat-Shimon testified about her observations with respect to John and discussed the disclosures that he had made to her during their counseling sessions.

On January 27, 2017, the jury returned a verdict of guilty on both counts of second-degree child molestation sexual assault. On February 14, 2017, the trial justice heard and denied defendant's motion for a new trial, brought pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure. Thereafter, defendant was sentenced to two concurrent terms of twenty-five years in prison, with fifteen years to serve and ten years suspended, with probation. Before this Court, defendant argues that the trial justice erred in denying his motion for a new trial.

**Standard of Review**

When presented with a motion for a new trial, it is well settled that "the trial justice must determine whether the evidence adduced at trial is sufficient for the jury to conclude guilt beyond a reasonable doubt." *State v. Baptista*, 79 A.3d 24, 29 (R.I. 2013) (quoting *State v. Staffier*, 21 A.3d 287, 290 (R.I. 2011)). Accordingly, "the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the

evidence." *State v. Baker*, 79 A.3d 1267, 1273 (R.I. 2013) (quoting *State v. LaPierre*, 57 A.3d 305, 310 (R.I. 2012)). "In this determination, the trial justice must consider the evidence in light of the jury charge, then independently assess the credibility of the witnesses and the weight of the evidence, and also ultimately determine whether he or she would have reached a result different from that reached by the jury." *LaPierre*, 57 A.3d at 310 (quoting *State v. Bunnell*, 47 A.3d 220, 232 (R.I. 2012)).

"If, after conducting such a review, the trial justice reaches the same conclusion as the jury, the verdict should be affirmed and the motion for a new trial denied." *State v. Paola*, 59 A.3d 99, 104 (R.I. 2013) (quoting *State v. Heredia*, 10 A.3d 443, 446 (R.I. 2010)). Alternatively, "if the trial justice does not agree with the jury verdict, 'he or she is required to proceed to a fourth step * * * to determine whether the verdict is against the fair preponderance of the evidence and fails to do substantial justice.'" *Baptista*, 79 A.3d at 29 (quoting *Staffier*, 21 A.3d at 290-91). "If the verdict meets this standard, then a new trial may be granted." *Id.* (quoting *Staffier*, 21 A.3d at 291).

Accordingly, "[i]f the trial justice has complied with this procedure and articulated adequate reasons for denying the motion, his or her decision will be given great weight and left undisturbed unless the trial justice overlooked or misconceived material evidence or otherwise was clearly wrong." *Paola*, 59 A.3d at 104 (quoting *State v. Smith*, 39 A.3d 669, 673 (R.I. 2012)). On appeal, we apply this deferential standard of review because "a trial justice, being present during all phases of the trial, is in an especially good position to evaluate the facts and to judge the credibility of the witnesses." *Id.* (quoting *State v. Texieira*, 944 A.2d 132, 141 (R.I. 2008)).

**Analysis**

The defendant's sole challenge on appeal to this Court is that the trial justice erred in denying his motion for a new trial. He argues that the evidence presented at trial raised serious doubt about the allegations and that the trial justice overlooked and misconceived material evidence. Specifically, defendant argues that John's testimony was neither credible nor reliable and that the testimony of the other witnesses failed to corroborate John's assertions, but instead contradicted critical aspects of his testimony. For this reason, defendant contends that the verdict returned by the jury was against the weight of the evidence and failed to serve the interests of justice.

By calling into question the trial justice's assessment of the testimony and the weight of the evidence, defendant effectively challenges the trial justice's credibility determinations. However, "[t]his Court has stated that '[t]he mere fact that [a] defendant disagrees with the trial justice's conclusions about credibility is not a sufficient basis to warrant the granting of a motion for new trial.'" *Paola*, 59 A.3d at 104 (quoting *State v. Rivera*, 987 A.2d 887, 903 (R.I. 2010)). As we have elucidated on numerous occasions, "the trial justice * * * has [had] the opportunity to observe the witnesses as they testify and therefore is in a better position [than this Court] to weigh the evidence and to pass upon the credibility of the witnesses than is this [C]ourt." *Rivera*, 987 A.2d at 903 (quoting *State v. Luanglath*, 749 A.2d 1, 5-6 (R.I. 2000)). For this reason, we will not disturb the trial justice's determination on appeal "unless the trial justice clearly erred in his credibility determinations or 'overlooked or misconceived relevant and material evidence[.]'" *Paola*, 59 A.3d at 104 (quoting *State v. Banach*, 648 A.2d 1363, 1368 (R.I. 1994)).

A careful review of the record reveals that the trial justice, when considering defendant's motion for a new trial, articulated the correct analysis to be undertaken, recounted his

independent observations from trial, and carefully assessed the credibility of the witnesses and weight of the evidence. The trial justice comprehensively articulated his reasons for denying the motion for a new trial. His conclusion—that the overwhelming and credible evidence of sexual contact between defendant and John supported the jury's finding of guilt beyond a reasonable doubt—is clear and reflects thoughtful deliberation.

Furthermore, in assessing the credibility of the witnesses, the trial justice found John in particular to be "a very nervous ten-year[-]old boy on the stand and some of his answers were contradictory especially when the [c]ourt found he was nervous during cross-examination and began answering correct to just about every question. But with respect to his testimony as a whole, the [c]ourt [found John] to be a very credible witness." Thus, the trial justice concluded that, based on John's testimony, the jury could conclude that the requisite elements of the charged offense were proven "beyond a reasonable doubt." Accordingly, after reviewing the evidence adduced at trial, the trial justice concluded that he agreed with the verdict on all three elements of the charge, and he denied defendant's motion for a new trial.

Having carefully reviewed the record before us, we are satisfied that the trial justice did not overlook or misconceive any material evidence. The trial justice conducted an appropriate analysis of the evidence presented, evaluated the credibility of the witnesses, and assessed the weight of the evidence; and, having done so, he determined that sufficient credible evidence was submitted to support the verdict on both counts. We therefore hold that the trial justice did not err in denying the defendant's motion for a new trial.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of conviction. The papers in this case may be remanded to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. George Tabora. |
| **Case Number** | No. 2017-302-C.A. (K2/14-710A) |
| **Date Opinion Filed** | January 7, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General<br><br>For Defendant:<br><br>Camille A. McKenna<br>Office of the Public Defender |